**C. K. BENOIT, Plaintiff**

v.

**ROSHAN PANTHAKY, TOMAS LEGUILLOU, JAMES DANIEL,
VERONICA DANIEL, and COMMISSIONER OF FINANCE
OF THE GOVERNMENT OF THE VIRGIN ISLANDS,**
Defendants

Civil No. 976/1981

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

September 25, 1984

DOUGLAS A. BRADY, ESQ. (JACOBS AND BRADY), Christiansted, St. Croix, V.I., *for plaintiff*

JOEL H. HOLT, ESQ., Christiansted, St. Croix, V.I., *for defendants James & Veronica Daniel*

MICHAEL S. MCLAURIN, ESQ., Office of the Attorney General, Christiansted, St. Croix, V.I., *for defendant Government of the Virgin Islands*

JOHN LENAHAN, ESQ. (BRYANT, LENAHAN & ELTMAN), Christiansted, St. Croix, V.I., *for defendant Tomas Leguillou*

WARREN B. COLE, ESQ. (ISHERWOOD, HUNTER AND COLIANNI), Christiansted, St. Croix, V.I., *for defendant Roshan Panthaky*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter comes before the Court on defendant/appellant Tomas Leguillou's attorneys' petition for attorneys' fees. For the reasons set forth below, this Court denies the petition.

## FACTS

Plaintiff, C. K. Benoit, filed a complaint to set aside a tax sale and for declaratory judgment. The property in question consisted of plots numbered 117 and 122 Estate St. George, Prince Quarter, St. Croix, United States Virgin Islands. Defendant Leguillou was the purchaser of plot 122 at said tax sale.

On October 4, 1983, this Court entered a judgment which declared, among other things, the tax sale of plot 122 Estate St. George to defendant Leguillou to be void and ordered that title to the property remain in the name of the plaintiff. In addition, as a condition precedent to the vacation of said tax sale, plaintiff was to reimburse Three Hundred Five Dollars ($305.00) to the defendant, such sum to represent the tax sale purchase price of the property. The order provided further that each party would bear its own attorney's fees and costs.

Defendant then filed an appeal to the District Court. Defendant's attorneys, the law firm of Bryant, Lenahan and Eltman, now move this Court for attorneys' fees of Three Thousand Five Hundred Twenty-Seven Dollars and Fifty Cents ($3,527.50), together with disbursements of Seventy Dollars ($70.00) and indemnification on behalf of the defendant.

## DISCUSSION

Each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary. This concept is recognized as the American Rule. In the Virgin Islands, such statutory authority is found in 5 V.I.C. § 541(b). Section 541(b) provides, in relevant part,

> . . . there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto.

175

■■ Plaintiffs may be considered prevailing parties for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 1939 (1983). The core issue in the instant matter was the validity of a tax sale wherein the defendant purchased plot 122. This Court invalidated the sale and returned title to the plaintiff. It is clear that it was the plaintiff, and not the defendant, who prevailed on the merits.[1] Hence, under both 5 V.I.C. § 541(b) and the standards set forth in Hensley, supra, defendant would not be considered the prevailing party.

Accordingly, for the reasons set forth above, the petition for attorneys' fees, disbursement and indemnification is hereby DENIED.

---

[1] Indeed, it was the defendant who appealed this Court's decision.